### BUEL and others vs. MUNGER.

An objection or exception, taken *after* the trial and judgment, to evidence offered on the trial, is clearly insufficient.

When it is stated in a record immediately after the finding of the court and the judgment, that the defendant *then and there* excepted to the finding and judgment, as well as to the introduction of certain evidence on the trial, it is to be presumed that the judgment was entered before the exception was taken.

APPEAL from the Circuit Court for *Winnebago* County.

The plaintiffs brought two actions against *Munger* for rent. The defendant put in a general denial. The printed case states that at the September term, 1858, of the circuit court, a discussion having arisen between the counsel as to the sufficiency of the complaints, it was, for the purpose of testing their sufficiency, stipulated as follows, in each action: "That the evidence therein is the same substantially that was given on the trial of the appeal cause between the same parties at this term of said court, and entitles the plaintiff to a judgment for $78 40, besides costs, &c., provided the same can be properly introduced under the complaint. The defendant objects to the introduction of any evidence in said action, on the ground that the complaint does not state facts sufficient to constitute a cause of action." [The attorneys for the plaintiff, in their argument in this court, contended that the statement in the case as to the purpose for which the stipulations were signed, is outside of the record, and not correct]. The cases were submitted to the court upon the

above stipulations, and the court held that the complaints were insufficient, and that no evidence should be received under them. The plaintiffs then amended their complaints, the two were consolidated, and the defendant filed his answer. At the November term, 1859, the cause was submitted to the court, and the counsel for the plaintiffs presented the two stipulations above recited, and gave them in evidence to maintain the issue on their part, and then rested. No evidence was given on the part of the defendant, and the court made and filed its decision in writing, finding that the facts stated in the amended complaint were true, and that the plaintiff was entitled to judgment for $155 50, besides costs, &c., and judgment was entered accordingly. After stating the finding and judgment, the printed case adds: " to which decision, finding and judgment of said court, as well as to the introduction in evidence of said stipulations, the defendant, by his counsel, did *then and there* except, and had his exceptions noted by the court."

*Wheeler & Coolbaugh*, for appellant. [No argument on file.]

*Bouck & Edmonds*, for respondents, to the point that the exception taken to the introduction of the stipulation in evidence, was taken too late, cited *Walton vs. The United States*, 9 Wheat., 657; *Turner vs. Yates*, 16 How. (U. S.), 29; 2 Chand., 28; 13 Ill., 699; 11 id., 72; 17 id., 166, 238; 6 Ind., 279; 10 Johns., 322; *Gilchrist vs. Stephenson*, 7 How. Pr. R., 275.

January 8.    *By the Court*, PAINE, J.   The only question sought to be raised on this appeal is, as to the admissibility of the stipulations which were offered by the plaintiff. But we think that the bill of exceptions fails to show that any objection was made or exception taken to their admissibility at the time of the trial. In giving the history of the trial it shows that the stipulations were offered and received in evidence, and nothing is said about any objection or exception by the defendant. It then states the finding of the court and the entering of the judgment, after which it says: · "To which decision, finding and judgment of said court, as well as to the intro-

duction in evidence of said stipulations, the said defendant, by his counsel, did then and there except," &c. We think the natural, fair construction of the language is, that after the judgment was entered, the defendant took these exceptions at one time. The words "then and there" refer properly to the time of the last act previously mentioned, which was the entry of the judgment. And it would be tolerating too great looseness in framing bills of exceptions, for us to assume from this language that objection was taken to the admissibility of the stipulations at the time they were offered and received.

But an objection or exception after the trial and judgment, to evidence offered on the trial, is clearly insufficient. If made in time, the party could perhaps have supplied other evidence. And it would be productive of great injustice to allow a party to permit incompetent evidence to be received on the trial without objection, and then except to it after judgment.

For this reason we think the question sought to be raised, is not presented, and the judgment is affirmed, with costs.